(No. 2518—

HARRY Y. ARMSTRONG, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1937.*

GEORGE E. DRACH, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

The complaint herein alleges that on the 15th day of April, A. D. 1934, claimant was driving his automobile in a westerly direction on U. S. Route No. 36 to and towards the intersection thereof with a paved highway leading south therefrom to the Town of Loami, Illinois, and was in the exercise

of all due care and caution for his own safety; that one of the servants and agents of the respondent, to-wit, an employee of the Division of Highways was then and there driving a motor vehicle of the respondent a short distance ahead of the claimant and going in the same direction; that said employee of the respondent carelessly and negligently stopped the vehicle which he was driving, at or near the aforementioned intersection abruptly and without warning to the claimant; that the claimant was unable to stop his automobile in time to avoid a collision, and his automobile collided with the motor vehicle of the respondent and was damaged to the extent of $50.00, for which amount he seeks an award in this proceeding.

The Attorney General has moved to dismiss the case for the reason that the respondent is not liable for the negligence of its servants and agents under the facts set forth in the complaint.

The report of the Division of Highways presents a state of facts entirely different from that set forth in the complaint herein, but for the purposes of this motion, the facts set forth in the complaint will be taken as true.

This court has repeatedly held that the State in the maintenance of its hard-surfaced roads is engaged in a governmental function, and that in the exercise of such functions, it is not liable for the negligence of its servants and agents, in the absence of a statute making it so liable. *Allerton* vs. *State*, 8 C. C. R. 218; *Schweizer* vs. *State*, 8 C. C. R. 432; *Wright* vs. *State*, No. 1981, decided at the September, 1935, Term; *George McCready* vs. *State*, No. 2604, decided at the September, 1935, Term; *Joe Boner, et al.* vs. *State*, No. 2529, decided at the September, 1935, Term.

There is no statute authorizing an award under the facts set forth in the complaint and we therefore have no jurisdiction to allow an award. *Crabtree* vs. *State*, 7 C. C. R. 207; *Titone* vs. *State*, No. 2473, decided at the January Term, 1937.

The motion of the Attorney General must therefore be sustained. Motion allowed. Case dismissed.